IN THE UNITED STATES DISTRICT COURT FOR
THE NORTHERN DISTRICT OF WEST VIRGINIA

DIANA MEY, individually and on behalf of a class of all persons and entities similarly situated,

        Plaintiff,

vs.

VENTURE DATA, LLC,

        Defendant

Case No. 5:14-cv-123 (Bailey)
Electronically Filed:
September 9, 2014

## CLASS ACTION COMPLAINT

### Preliminary Statement

1. Plaintiff Diana Mey brings this action to enforce the consumer-privacy provisions of the Telephone Consumer Protection Act, a federal statute enacted in 1991 in response to widespread public outrage about the proliferation of intrusive, nuisance telephone practices. *See Mims v. Arrow Fin. Servs., LLC,* 132 S. Ct. 740, 745 (2012).

2. In violation of the TCPA, Defendant Venture Data, LLC ("Venture Data") placed a computer-dialed telephone call to Ms. Mey's cellular telephone without her prior express consent, and placed a call to a number Ms. Mey had registered on the national Do Not Call Registry.

3. Ms. Mey never consented to receive the call, and it was placed to her for no legitimate purpose, other than as part of a computer-generated "random" calling campaign.

4. Because the call was transmitted using technology capable of generating hundreds of thousands of random calls per day, and because random calling campaigns generally place calls to hundreds of thousands or even millions of potential customers *en masse*, Ms. Mey

brings this action on behalf of a proposed nationwide class of other persons who received illegal telephone calls from Venture Data.

5. A class action is the best means of obtaining redress for the Defendant's wide scale illegal telephone activity, and is consistent both with the private right of action afforded by the TCPA and the fairness and efficiency goals of Rule 23 of the Federal Rules of Civil Procedure.

## Parties

6. Plaintiff Diana Mey is a resident of the State of West Virginia, and this District.

7. Defendant Venture Data, LLC is a company that offers survey and related services for market survey research, and is headquartered in Salt Lake City, UT and does business in this district.

## Jurisdiction & Venue

8. The Court has federal question subject matter jurisdiction over these TCPA claims. *Mims v. Arrow Financial Services, LLC*, 132 S. Ct. 740 (2012).

9. Venue is proper pursuant to 28 U.S. Code § 1391(b)(2) because a substantial part of the events giving rise to the claim, namely the illegal telephone call that is the basis of Ms. Mey's cause of action, occurred in this district.

## TCPA Background

10. In 1991, Congress enacted the TCPA to regulate the explosive growth of the telephone calling industry. In so doing, Congress recognized that "[u]nrestricted telemarketing . . . can be an intrusive invasion of privacy [.]" Telephone Consumer Protection Act of 1991, Pub. L. No. 102-243, § 2(5) (1991) (codified at 47 U.S.C. § 227).

11. Through the TCPA, Congress outlawed telemarketing via unsolicited automated or pre-recorded telephone calls ("robocalls"), finding:

> [R]esidential telephone subscribers consider automated or prerecorded telephone calls, regardless of the content or the initiator of the message, to be a nuisance and an invasion of privacy.
>
> . . . .
>
> Banning such automated or prerecorded telephone calls to the home, except when the receiving party consents to receiving the call[,] . . . is the only effective means of protecting telephone consumers from this nuisance and privacy invasion.

*Id.* § 2(10) and (12); *see also Mims*, 132 S. Ct. at 745.

***The TCPA prohibits telemarketing calls to numbers listed on the Do Not Call Registry, unless the caller has the recipient's signed, written consent.***

12. The national Do Not Call Registry allows consumers to register their telephone numbers and thereby indicate their desire not to receive telephone solicitations at those numbers. *See* 47 C.F.R. § 64.1200(c)(2). A listing on the Registry "must be honored indefinitely, or until the registration is cancelled by the consumer or the telephone number is removed by the database administrator." *Id*.

13. The TCPA and implementing regulations prohibit the initiation of telephone solicitations to residential telephone subscribers to the Registry. 47 U.S.C. § 227(c); 47 C.F.R. § 64.1200(c)(2).

14. A person whose number is on the Registry, and who has received more than one telephone call within any twelve-month period by or on behalf of the same entity in violation of the TCPA, can sue the violator and seek statutory damages. 47 U.S.C. § 227(c)(5).

15. The regulations exempt from liability a caller who has obtained the subscriber's signed, written agreement to receive telephone solicitations from the caller. 47 C.F.R.

3

§ 64.1200(c)(2)(ii).  That agreement must also include the telephone number to which the calls may be placed.  *Id.*

### *The TCPA bans autodialer calls to cell phones*

16. The TCPA's most stringent restrictions pertain to computer-generated telephone calls placed to cell phones.

17. The TCPA categorically bans persons and entities from initiating telephone calls using an automated telephone dialing system (or "autodialer") to any telephone number assigned to a cellular telephone service.  *See* 47 C.F.R. § 64.1200(a)(1)(iii); *see also* 47 U.S.C. § 227(b)(1).

### Factual Allegations

18. On August 19, 2014, the Plaintiff received a computer-generated autodialed call from a representative calling from Venture Data.

19. The call was made to the Plaintiff's cellular telephone, 304-242-XXXX, which has been on the National Do Not Call List for a number of years.

20. The number displayed on the Plaintiff's caller ID was 304-906-4439.

21. (304) is an identification code assigned to West Virginia.  As the call actually came from Salt Lake City, UT, it appears that the Defendant has purchased computer equipment or another service that manipulates the identification code for their long-distance call so it will appear as a local call to recipients, including the Plaintiff.

22. When the call connected, there was an audible click from the receiver. After a significant pause, the calling party identified itself as calling from the Defendant's company.

23. During the telephone call, the caller and her supervisor informed the Plaintiff that his computer "randomly" calls certain numbers using software.

24. The facts in the preceding paragraphs indicate the call was placed through an "automatic telephone dialing system" as defined in 47 U.S.C. § 227.

25. Plaintiff is not a customer of Defendant, has no prior relationship with the Defendant and has not provided Defendant with her information or cellular telephone number.

### Class Action Allegations

26. As authorized by Rule 23 of the Federal Rules of Civil Procedure, Plaintiff brings this action on behalf of a class of all other persons or entities similarly situated throughout the United States.

27. The class of persons Plaintiff proposes to represent with respect to Count One is tentatively defined as:

> All persons in the United States who, within four years prior to the filing of this action, Defendant or some person on Defendant's behalf called their cell phone using a device with the capacity to dial numbers without human intervention, where Defendant's records fail to indicate prior express consent from the recipient to make such call.

28. The class defined above is identifiable through phone records and phone number databases.

29. The potential class members number at least in the thousands. Individual joinder of these persons is impracticable.

30. Plaintiff is a member of the classes.

31. There are questions of law and fact common to Plaintiff and to the proposed classes, including but not limited to the following:

    a. Whether Venture Data engaged in a pattern of using an automatic telephone dialing system to call telephone numbers assigned to cellular telephone service;

   b. Whether Venture Data placed calls to cellular telephone numbers using an automatic telephone dialing system without obtaining the recipients' prior consent for the call;

   c. Whether the Plaintiffs and the class members are entitled to statutory damages as a result of Venture Data's actions.

 32. Plaintiff's claims are typical of the claims of class members.

 33. Plaintiff is an adequate representative of the class because her interests do not conflict with the interests of the class, she will fairly and adequately protect the interests of the class, and she is represented by counsel skilled and experienced in class actions, including TCPA class actions.

 34. The actions of Venture Data are generally applicable to the class as a whole and to Plaintiff.

 35. Common questions of law and fact predominate over questions affecting only individual class members, and a class action is the superior method for fair and efficient adjudication of the controversy.  The only individual question concerns identification of class members, which will be ascertainable from records maintained by Defendant and/or its agents.

 36. The likelihood that individual members of the class will prosecute separate actions is remote due to the time and expense necessary to prosecute an individual case.

 37. Plaintiff is not aware of any litigation concerning this controversy already commenced by others who meet the criteria for class membership described above.

## Legal Claims

### Count One:
### Violation of the TCPA's provisions
### prohibiting autodialer calls to cell phones

38. Plaintiff incorporates the allegations from all previous paragraphs as if fully set forth herein.

39. The Defendant violated the TCPA by (a) initiating a telephone call using an automated dialing system to Plaintiff's telephone numbers assigned to a cellular telephone service without her prior express consent. *See* 47 C.F.R. 64.1200(a)(1)(iii); 47 U.S.C. § 227(b)(1).

40. The Defendant's violations were negligent and/or knowing.

### Count Two:
### Injunctive relief to bar future TCPA violations

41. Plaintiff incorporates the allegations from all previous paragraphs as if fully set forth herein.

42. The TCPA authorizes injunctive relief to prevent further violations of the TCPA.

43. The Plaintiff respectfully petitions this Court to order the Defendants, and their employees, agents and independent distributors, to immediately cease engaging in unsolicited telephone calls in violation of the TCPA.

## Relief Sought

For herself and all class members, Plaintiff requests the following relief:

1. That Venture Data be restrained from engaging in future violations of the TCPA.

2. That Venture Data, and its agents, or anyone acting on its behalf, be immediately restrained from altering, deleting or destroying any documents or records that could be used to identify class members.

3. That the Court certify the claims of the named plaintiff and all other persons similarly situated as class action claims under Rule 23 of the Federal Rules of Civil Procedure.

4. That the Plaintiff and all class members be awarded statutory damages of $500 for each negligent violation of the TCPA, and $1,500 for each knowing violation.

5. That the Plaintiff and all class members be granted other relief as is just and equitable under the circumstances.

**Plaintiff requests a jury trial as to all claims of the complaint so triable.**

Plaintiff Diana Mey
By Counsel

 *s/ Jonathan R. Marshall*
John W. Barrett (WVSB#7289)
Jonathan R. Marshall (WVSB#10580)
BAILEY & GLASSER, LLP
209 Capital Street
Charleston, WV 25301
Telephone: (304) 345-6555
jbarrett@baileyglasser.com
jmarshall@baileyglasser.com

Edward A. Broderick
Anthony Paronich
Broderick Law, P.C.
125 Summer St., Suite 1030
Boston, MA  02110
(617) 738-7080
ted@broderick-law.com
anthony@broderick-law.com
*Subject to Pro Hac Vice*

                                        Matthew P. McCue
                                        The Law Office of Matthew P. McCue
                                        1 South Avenue, Suite 3
                                        Natick, Massachusetts 01760
                                        (508) 655-1415
                                        (508) 319-3077 *facsimile*
                                        mmccue@massattorneys.net
                                        *Subject to Pro Hac Vice*