## IN THE UNITED STATES DISTRICT COURT FOR
## THE NORTHERN DISTRICT OF WEST VIRGINIA

DIANA MEY,

      Plaintiff,

vs.

                                      Civil Action No. 5:14-cv-00123
                                      Judge Bailey

VENTURE DATA, LLC,

      Defendant.

### ANSWER, DEFENSES, AND JURY DEMAND OF
### DEFENDANT VENTURE DATA, LLC

Now comes Defendant, Venture Data, LLC ("Venture Data"), and makes its answer, defenses and jury demand to Plaintiff's Class Action Complaint.

### ANSWER

In response to the numbered allegations of the Plaintiff's Class Action Complaint, Venture Data states as follows:

### RESPONSE TO "Preliminary Statement"

1.     Venture Data admits that Plaintiff purports to seek relief under the provisions of the Telephone Consumer Protection Act, 47 U.S.C. 227 ("TCPA"). The remainder of Paragraph 1 contains no factual allegations to which a response is required. To the extent a response is deemed required, Venture Data states that the enactment of the TCPA speaks for itself.

2.     Venture Data denies placing a call to Plaintiff's cellular telephone using an automated dialer and denies knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 2.

3.     Venture Data denies the allegations contained in Paragraph 3.

4.      Venture Data admits that Plaintiff purports to bring this action on behalf of a nationwide class, denies the remaining allegations contained in Paragraph 4, and denies that the certification of any class would be proper.

5.      Paragraph 5 contains no factual allegations to which a response is required.  To the extent a response is deemed required, Venture Data denies the allegations contained in Paragraph 5 and denies that the certification of any class would be proper.

### RESPONSE TO "Parties"

6.      Upon information and belief, Venture Data admits the allegations contained in Paragraph 6.

7.      Venture Data admits that it is a limited liability company with its offices in Salt Lake City, Utah, admits that it conducts surveys, and denies the remaining allegations contained in Paragraph 7 as stated.

### RESPONSE TO "Jurisdiction & Venue"

8.      Paragraph 8 purports to state a legal conclusion to which no response is required. To the extent a response is deemed required, Venture Data admits that subject matter jurisdiction exists under 28 U.S.C. § 1331.

9.      Venture Data denies the allegations as stated because it denies that it placed an illegal telephone call to Plaintiff.

### RESPONSE TO "TCPA Background"

10.      Paragraph 10 contains no factual allegations to which a response is required.  To the extent a response is deemed required, Venture Data states that Paragraph 10 purports to quote selected portions of the United States Code and respectfully refers the Court to the applicable statute for its full language and context.

11.     Paragraph 11 contains no factual allegations to which a response is required.  To the extent a response is deemed required, Venture Data states that Paragraph 11 purports to quote selected portions of the United States Code and a United States Supreme Court decision. Venture Data respectfully refers the Court to the applicable statute and case for their full language and context.

12.     Paragraph 12 contains no factual allegations to which a response is required.  To the extent a response is deemed required, Venture Data states that Paragraph 12 purports to quote selected portions of the United States Code and respectfully refers the Court to the applicable statute for its full language and context.

13.     Paragraph 13 contains no factual allegations to which a response is required.  To the extent a response is deemed required, Venture Data states that Paragraph 13 purports to cite selected portions of the United States Code and the Code of Federal Regulations.  Venture Data respectfully refers the Court to the applicable statute and regulations for their full language and context.

14.     Paragraph 14 contains no factual allegations to which a response is required.  To the extent a response is deemed required, Venture Data states that Paragraph 14 purports to cite selected portions of the United States Code and respectfully refers the Court to the applicable statute for its full language and context.

15.     Paragraph 15 contains no factual allegations to which a response is required.  To the extent a response is deemed required, Venture Data states that Paragraph 15 purports to cite selected portions of the Code of Federal Regulations and respectfully refers the Court to the applicable regulations for their full language and context.

**RESPONSE TO "The TCPA bans autodialer calls to cell phones"**

16.     Paragraph 16 contains no factual allegations to which a response is required.  To the extent a response is deemed required, Venture Data states that Paragraph 16 purports to cite and characterize unspecified portions of the United States Code and respectfully refers the Court to the applicable statute for its full language and context.

17.     Paragraph 17 contains no factual allegations to which a response is required.  To the extent a response is deemed required, Venture Data states that Paragraph 17 purports to cite selected portions of the United States Code and the Code of Federal Regulations.  Venture Data respectfully refers the Court to the applicable statute and regulations for their full language and context.

**RESPONSE TO "Factual Allegations"**

18.     Venture Data denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 18.

19.     Venture Data denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 19 except denies that the redacted number listed is an exchange for a cellular number.

20.     Venture Data denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 20.

21.     Venture Data admits that 304 is an area code for West Virginia.  Venture Data admits that it places calls from Salt Lake City, Utah (among other locations), and denies as stated the remaining allegations contained in Paragraph 21.

22.     Venture Data denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 22.

23.     Venture Data denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 23.

24.     Venture Data denies the allegations contained in Paragraph 24.

25.     Venture Data denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 25.

### RESPONSE TO "Class Action Allegations"

26.     Venture Data admits that in Paragraph 26 Plaintiff proposes to seek certification of a classes pursuant to Rule 23 of the Federal Rules of Civil Procedure, denies liability to Plaintiff or any proposed class member, and denies that certification of any class or subclass would be proper.

27.     Venture Data admits that in Paragraph 27 Plaintiff proposes to seek certification of a classes pursuant to Rule 23 of the Federal Rules of Civil Procedure, denies liability to Plaintiff or any proposed class member, denies that the exchange for the number listed in the complaint is a cellular telephone number, and denies that certification of any class or subclass would be proper.

28.     Venture Data denies the allegations contained in Paragraph 28, denies liability to Plaintiff or any proposed class member, denies that the exchange for the number listed in the complaint is a cellular telephone number, and denies that certification of any class or subclass would be proper.

29.     Venture Data denies the allegations contained in Paragraph 28, denies liability to Plaintiff or any proposed class member, denies that the exchange for the number listed in the complaint is a cellular telephone number, and denies that certification of any class or subclass would be proper.

5

30.     Venture Data denies the allegations contained in Paragraph 30.

31.     Venture Data denies the allegations contained in Paragraph 31 including subparts

a – c.

32.     Venture Data denies the allegations contained in Paragraph 32.

33.     Venture Data denies the allegations contained in Paragraph 33.

34.     Venture Data denies the allegations contained in Paragraph 34.

35.     Venture Data denies the allegations contained in Paragraph 35.

36.     Venture Data denies the allegations contained in Paragraph 36.

37.     Venture Data admits that it is not a defendant in another lawsuit seeking similar

relief.

### RESPONSE TO "Legal Claims"

### RESPONSE TO "Count One:  Violation of the TCPA's provisions prohibiting autodialer calls to cell phones"

38.     Venture Data incorporates its responses to the preceding paragraphs.

39.     Venture Data denies the allegations contained in Paragraph 39.

40.     Venture Data denies the allegations contained in Paragraph 40.

### RESPONSE TO "Count Two:  Injunctive relief to bar future TCPA violations"

41.     Venture Data incorporates its responses to the preceding paragraphs.

42.     Paragraph 42 contains no factual allegations and purports to state a legal

conclusion to which no response required.  To the extent a response is deemed required, Venture

Data denies violating the TCPA and denies that injunctive relief is warranted.

43.     Venture Data denies violating the TCPA and denies that injunctive relief is

warranted.

## RESPONSE TO "Relief Sought"

In response to the unnumbered statement following Paragraph 43, Venture Data admits that Plaintiff purports to seek certain forms of relief individually and on behalf of a putative class, but denies she or the proposed class are entitled to any relief from it and denies that certification of any class or subclass would be proper.

Venture Data denies each and every allegation contained in the Class Action Complaint not specifically and expressly admitted above.

## DEFENSES

1.      The call about which Plaintiff complains constitutes speech protected by the First Amendment to the United States Constitution and the imposition of liability on Venture Data for such a call would violate its First Amendment rights.

2.      Plaintiff's Class Action Complaint fails to state a claim upon which relief can be granted.

3.      Plaintiff has "unclean hands" and is equitably barred from this action.

4.      Plaintiff, by her acts and conduct, has waived any and all claims she has against Venture Data.

5.      Plaintiff lacks standing to assert the claims alleged in the Class Action Complaint.

6.      Plaintiff's claims are barred because Venture Data did not engage in willful and/or knowing misconduct.

7.      Plaintiff's claims are barred in whole or in part by the doctrine of estoppel.

8.      Plaintiff's claims are barred in whole or in part by the doctrine of laches.

9.      Venture Data denies making any calls in violation of the Telephone Consumer Protection Act.

10.     Venture Data reserves to itself all defenses available to it under the Telephone Consumer Protection Act.

11.     Aggregation in any form of the types of claims asserted by the Plaintiff and the proposed class Plaintiff seeks to represent would violate Venture Data's constitutional rights under the applicable state and federal constitutions.

12.     A class action is inappropriate in this matter because the applicable prerequisites are not satisfied for the following reasons:

a.     The class is not so numerous that the joinder of all members is impracticable.

b.     There are no questions of law or fact common to the proposed classes sufficient to find that the requirements of Rule 23(a)(2) have been met.

c.     The claims or defenses of the Plaintiff are not typical to the claims or defenses of the proposed class.

d.     Plaintiff will not fairly and adequately protect the interests of the proposed class.

e.     The prosecution of separate actions by individual members of the proposed class would not create a risk of either inconsistent or varying adjudications, nor would there be a risk of adjudications with respect to individual members of the class which would be dispositive of the interests of other members not parties to the adjudications or would not substantially impair or impede their ability to protect those interests.

f.     Venture Data has not acted on grounds generally applicable to the proposed class.

g.     Questions of law or fact common to the members of the proposed class do not predominate over any questions affecting only individual members, and a class action is not superior to other available methods for the fair and efficient adjudication of the alleged controversy.

13.     To the extent Plaintiff purports to seek certification of a class under any provision of Federal Rule of Civil Procedure 23(b) other than Rule 23(b)(3), the Class Action Complaint fails to state a claim for which such relief may be granted inasmuch as she purports to seek statutory damages on behalf of themselves and the proposed class.

14.     The imposition of statutory damages in this action, unrelated to any actual harm caused by the conduct alleged in Class Action Complaint, would violate Venture Data's state and federal constitutional rights, including its rights to procedural and substantive due process.

15.     Venture Data lacks sufficient knowledge of all facts and evidence surrounding this incident and is, therefore, unable to ascertain at this time any additional defenses which Venture Data may have.  Therefore, Venture Data expressly reserves the right to amend this Answer to assert such other defenses as may become apparent subsequent to the filing of this Answer, whether in discovery, at trial, or otherwise.

## PRAYER FOR RELIEF

WHEREFORE having fully answered Plaintiff's Class Action Complaint, Venture Data prays that this Court dismiss this suit with prejudice and grant such other relief as it deems just and proper.

## JURY DEMAND

Venture Data demands a trial by jury on all issues so triable.

VENTURE DATA, LLC

By: _____

Its counsel

9

Jeffrey A. Holmstrand (#4893)
FLAHERTY SENSABAUGH BONASSO PLLC
1225 Market Street
P.O. Box 6545
Wheeling, WV  26003
(304) 230-6600
jholmstrand@fsblaw.com

# IN THE UNITED STATES DISTRICT COURT FOR
# THE NORTHERN DISTRICT OF WEST VIRGINIA

DIANA MEY,

        Plaintiff,

vs.

                                        Civil Action No. 5:14-cv-00123
                                        Judge Bailey

VENTURE DATA, LLC,

        Defendant.

## CERTIFICATE OF SERVICE

Service of the foregoing ***ANSWER, DEFENSES, AND JURY DEMAND OF***

***DEFENDANT VENTURE DATA, LLC*** was had upon the following via the CM/ECF system

this 17th day of November, 2014:

John W. Barrett
Jonathan R. Marshall
BAILEY & GLASSER, LLP
209 Capitol Street
Charleston, WV 25301

Edward A. Broderick
Anthony Paronich
BRODERICK LAW, P.C.
125 Summer Street, Suite 1030
Boston, MA 02110

Matthew P. McCue
THE LAW OFFICE OF MATTHEW P. MCCUE
1 South Avenue, Suite 3
Natick, MA 01760

                                          VENTURE DATA, LLC

By:                                             
                                        Its Counsel

Jeffrey A. Holmstrand (#4893)
FLAHERTY SENSABAUGH BONASSO PLLC
1225 Market Street
P.O. Box 6545
Wheeling, WV 26003
(304) 230-6600
jholmstrand@fsblaw.com