IN THE UNITED STATES DISTRICT COURT FOR
THE NORTHERN DISTRICT OF WEST VIRGINIA

**DIANA MEY, individually and on behalf of a
class of all persons and entities similarly
situated,**

       **Plaintiff,**

vs.                                               **Civil Action No. 5:14-CV-123**
                                                             **Judge Bailey**

**VENTURE DATA, LLC,**

       **Defendant.**

### PLAINTIFF'S MOTION TO COMPEL DEFENDANT
### VENTURE DATA, LLC TO PRODUCE DISCOVERY RESPONSES

Plaintiff respectfully requests that this Court compel Defendant Venture Data, LLC to respond to outstanding discovery requests. In support of this motion, Plaintiff states:

1.      This is a Telephone Consumer Protection Act, 47 U.S.C. §227(b) class action, alleging that Defendant Venture Data, LLC made improper automated calls to cellular telephones.

2.      On January 27, 2015, Plaintiff served her first set of discovery requests on Defendant, which are attached as Exhibit A. *See* Doc. No. 11 (Certificate of Service of the Same).

3.      Defendant requested, and received, an extension from Plaintiff to respond to the requests.

4.      However, despite this extension, Plaintiff has not received any responses, or another request for an extension.[1]

---

[1] Because Defendant has ignored Plaintiff's discovery, Plaintiff has, pursuant to LR Civ P 37.02(a)(1), "only file[d] a motion to compel without setting forth verbatim the discovery request or disclosure requirement."

798146

5. In fact, on April 13, 2015, counsel for Plaintiff e-mailed counsel for Defendant, stating that Plaintiff needed the requests by April 20, 2015 (Exhibit B). Plaintiff followed up with Defendant on several other occasions, including via telephone, with respect to these requests, but no responses have been provided. (Exhibit C).

6. The Rules allow a broad scope of discovery to "any matter, not privileged, that is relevant to the claim or defense of any party.... Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence." Fed.R.Civ.P. 26(b)(1).

7. "[I]f a party declines to answer an interrogatory or request for production, the serving party may move for an order compelling an answer, or a designation, or an order compelling inspection in accordance with the request." *Small v. Ramsey,* No. 1:10cv121, 2011 WL 3627271 at *3 (N.D. W. Va. Aug. 17, 2011) (quoting Fed. R. Civ. P. 37(a)); *Susko v. City of Weirton,* No. 5:09-cv-1, 2011 WL 98557 at *2 (N.D. W. Va. Jan. 12, 2011) (same).

8. Further, the "Federal Rules of Civil Procedure require particularized objections precisely to allow an opposing party to respond appropriately. Any ground not stated in a timely objection is waived unless the court, for good cause, excuses the failure." *Cain v. Liberty Mut. Ins. Co.,* No. 3:10-cv-109, 2011 WL 1833096 at *4 (citing Fed. R. Civ. P. 26(g) and 33(b)(4)).

9. Defendant has not responded or even objected to any of Plaintiff's discovery requests. Plaintiff therefore seeks an order from the court compelling Venture Data to produce discovery responses, as well as all responsive documents, within 7 days, including a finding that all objections have been waived.

10. Plaintiff further requests that the requests for admission be deemed admitted in accordance with Rule 36(a)(3) of the Federal Rules of Civil Procedure.

Dated: May 20, 2015	Respectfully Submitted,

                                          BAILEY & GLASSER LLP


                                        By:   /s/ Jonathan R. Marshall
                                              Jonathan R. Marshall
                                              209 Capitol Street
                                              Charleston, West Virginia  25301
                                              Telephone:  (304) 345-6555
                                              Facsimile:    (304) 342-1110
                                              Email: jmarshall@baileyglasser.com

## **CERTIFICATE OF SERVICE**

      I, Jonathan R. Marshall, hereby certify that on May 20, 2015, I caused to be filed the foregoing with the Clerk of the Court using the CM/ECF System, which caused a true and accurate copy of such filing to be served upon all attorneys of record.

                                            /s/ Jonathan R. Marshall
                                            Jonathan R. Marshall
                                            Bailey & Glasser LLP
                                            209 Capitol Street
                                            Charleston, West Virginia 25301
                                            Telephone: (304) 345-6555
                                            Facsimile: (304) 342-1110
                                            Email: jmarshall@baileyglasser.com

798146