IN THE UNITED STATES DISTRICT COURT FOR
THE NORTHERN DISTRICT OF WEST VIRGINIA

**DIANA MEY, individually and on behalf of a
class of all persons and entities similarly
situated,**

      **Plaintiff,**

vs.                                          **Civil Action No. 5:14-CV-123**
                                                   **Judge Bailey**

**VENTURE DATA, LLC, and
PUBLIC OPINION STRATEGIES,**

      **Defendants.**

### Plaintiff's Motion for Approval of Class Notice Plan

Plaintiff Diana Mey respectfully moves the Court for approval of her proposed Notice Plan, which fully satisfies all requirements under Rule 23(c) and due process.

### Introduction

On June 6, 2017, the Court granted the Plaintiff's motion to certify the following class:

> All persons in the United States to whom, on June 11, August 19, or September 9, 2014, Venture Data placed a call on his or her cellular telephone line, using the Pro-T-S or CMFC dialer, and as part of a Public Opinion Strategies Survey.

(*See* ECF No. 247 at 9-10).

Following the Court's Certification Order, class counsel contacted Anya Verkhovskaya, a recognized leader in class action administration, and retained her firm, DRRT, Inc., to develop the proposed Notice Plan, which is fully set forth in the affidavit of Christina Peters-Stasiewicz, attached as Exhibit A. As described in detail below, Plaintiff proposes a two-part Notice Plan that includes (1) direct mail notice to all class members who can be identified through the Defendants' records and the use of reliable databases, and (2) a dedicated case website that provides additional information for Class members. The Notice Plan is designed to yield the best

notice practicable under the circumstances, and to otherwise satisfy the requirements of Rule 23(c)(2)(B) and due process. Accordingly, Plaintiff respectfully requests that the Court approve the proposed Notice Plan.

## Discussion

### A. The proposed Notice Plan is the best practicable under the circumstances.

Rule 23(c)(2)(B) provides that "[f]or any class certified under Rule 23(b)(3), the court must direct to class members the best practicable notice under the circumstances, including individual notice to all members who can be identified through reasonable effort." Fed. R. Civ. P. 23(c)(2)(B); *see also Wal-Mart Stores, Inc., v. Dukes*, 131 S. Ct. 2541, 2558 (2011). Here, the Plaintiff proposes a direct, two-pronged approach designed to exceed that requirement.

First, the Notice Plan will provide "individual notice to all members who can be identified through reasonable effort." As discussed in the Plaintiff's motion for class certification, Plaintiff's expert Jeffrey Hansen analyzed calling lists provided by Defendant Venture Data to identify 121,440 unique cellular numbers that match the class definition. Although POS opposed class certification on the basis that the Plaintiff could not identify the names and addresses of the individuals who received those calls, the Court found that "the identity of the call recipients is known to the defendants themselves, who obtain their calling lists from voter registration files," through a company called i360. (ECF No 247 at 26). And the Court was correct: only after the Court's order, POS disclosed, for the first time, its i360 voter registration file containing the Plaintiff's and other class members' name and address information.[1] By comparing the i360 lists to the calling records provided by Venture Data,

---

[1] Although POS had previously produced similar files, Plaintiff had been unable to recognize their significance because the files had been altered to remove any reference to i360, and the Plaintiff's information was not included in any of those files.

DRRT will be able to identify the names and addresses of most, if not all, class members. In limited instances where names and addresses of class members are unavailable in the Defendants' records, meaning POS either called an individual not on their "voter registration files" or that information was not produced, DRRT will use industry-standard databases to identify names and addresses. DRRT will then send the Postcard Notice via First Class Mail to each of the addresses obtained. (*See* Ex. A-2).

Second, the Postcard Notice will direct class members to a website www.VentureDataClassAction.com, which will be created and maintained by DRRT. The case website is an easily remembered domain that will contain the traditional Long Form Notice (Ex. A-3), will provide access to relevant Court documents, and will provide class members with information about their options and rights, as well as a toll-free number where they can obtain additional information and contact information for class counsel. Plaintiff also requests that POS and Venture Data be ordered to include links to the case website on their own web pages.

The direct Postcard Notice, Long Form Notice, and Case Website more than meet the requirements of Rule 23 that the Court direct "the best notice that is practicable under the circumstances."

### B. The proposed Notices are easy to read and understand, and comport with Rule 23 and due process requirements.

To satisfy Rule 23(c)(2)(B), the class notice must concisely state in plain, easy-to-understand language: (i) the nature of the action; (ii) the definition of the class certified; (iii) the class claims, issues, or defenses; (iv) that a class member may enter an appearance through counsel if the member so desires; (v) that the court will exclude from the class any member who requests exclusion; (vi) the time and manner for requesting exclusion; and (vii) the binding effect of a class judgment on class members under Rule 23(c)(3). "The Federal Judicial Center has

created illustrative clear-notice forms that provide a helpful starting point for actions similar to those described in the forms." Adv. Cmte. Notes (2003) to Fed. R. Civ. P. 23(c). Ultimately, notice is "adequate if it may be understood by the average class member." Alba Conte & Herbert B. Newberg, 4 *Newberg On Class Actions*, §11:53, 167 (4th ed. 2002).

Rule 23, of course, accords considerable discretion to a district court in fashioning notice to a class. *See Reiter v. Sonotone Corp.*, 442 U.S. 330, 345 (1979). Here, the Postcard and Website Long Form Notices are based upon the question and answer format suggested by the Federal Judicial Center and comply with Rule 23(c)(2)(B) and Due Process. The Postcard Notice is concise and written in plain, easy-to-understand language. *Id.* It provides a concise description of the defined Classes, along with a basic description of the nature of the action and class claims. If any Class member wants additional information, the Postcard Notice provides a toll-free telephone number where they can speak to a claims administrator and Class Counsel, as well as a website address at which they can view Court documents. The Website Long Form Notice also uses easy-to-understand language to provide additional information about the lawsuit. (*Id.* at ¶. The first page of the Long Form Website Notice provides a basic description of the nature of the action. (*See* Ex. A-3). This information is further explained in the Answers to Questions Nos. 1-9, which describe the posture of the action, the class claims, the issues, allegations, Defendant's response, and the relief sought. The Answer to Question 10 provides a description of the Classes and explains how to determine if a person is a member. And, if potential Class members are still unsure as to whether they are included, this Answer encourages them to call Class Counsel for further help.

The Answer to Question 11 provides an explanation of the rights of Class members should they elect to remain as Class members in the action and informs each Class member about

the binding effect of a class judgment on them. The Answer to Questions 14 and 15 explain that each Class Member may enter an appearance through their own counsel if they so desire. The Answers to Questions 12-13 explain that the Court will exclude from the class any member who requests exclusion and the time and manner for requesting exclusion. If further information is desired, the Answer to Question 20 informs Class members that more information is available by calling Class Counsel and/or the class action administrator.

In sum, the format and language of each form of notice has been drafted so that it is conveyed in plain language, easy to read, and will be readily understood by the members of the Classes. As such, Plaintiff's proposed Notice Plan satisfies the requirements of Rule 23 and due process and should be approved by the Court.

## Conclusion

For the foregoing reasons, Ms. Mey and Class Counsel respectfully request that the Court enter an Order (1) approving the proposed Notice Plan, finding that it comports with both Rule 23 and due process requirements, (2) entering a schedule for providing notice and setting a deadline for class members to opt-out; (3) authorizing notice be sent by First Class mail to all class members for whom addresses are known, (4) authorizing the creation of the case website that contains the Long Form Notice, and (5) directing that the Defendants include a link to the case website on front page of their own web sites.

**Respectfully submitted,**

DIANA MEY,
by Counsel

/s/ *Jonathan R. Marshall*
John W. Barrett
Jonathan R. Marshall
Ryan M. Donovan
BAILEY & GLASSER LLP

209 Capitol Street
Charleston, WV  25301
(304) 345-6555
jbarrett@baileyglasser.com
jmarshall@baileyglasser.com
rdonovan@baileyglasser.com

Edward A. Broderick
Anthony Paronich
BRODERICK & PARONICH, P.C.
99 High St., Suite 304
Boston, MA 02110
Telephone: (617) 738-7080
ted@broderick-law.com
anthony@broderick-law.com

Matthew P. McCue
THE LAW OFFICE OF MATTHEW P. MCCUE
1 South Avenue, Suite 3
Natick, MA  01760
Telephone: (508) 655-1415
mmccue@massattorneys.net

## **CERTIFICATE OF SERVICE**

I hereby certify that on June 28, 2017, I caused to be filed the foregoing with the Clerk of the Court using the CM/ECF System, which caused a true and accurate copy of such filing to be served upon all attorneys of record.

        s/ *Jonathan R. Marshall*
        Jonathan R. Marshall