UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF WEST VIRGINIA
WHEELING DIVISION

DIANA MEY, individually and on behalf of a class of persons and entities similarly situated,

    Plaintiff,

v.

VENTURE DATA, LLC, and PUBLIC OPINION STRATEGIES, LLC

    Defendants.

Case No. 5:14-CV-123

## FINAL APPROVAL ORDER AND JUDGMENT

The Plaintiff in this class action lawsuit has moved for final approval of the proposed class settlement. The Court preliminarily approved the Settlement Agreement on February 8, 2018, and notice was given to all members of the Settlement Class under the terms of the Preliminary Approval Order.

Upon consideration of the motion, the Settlement Agreement, and the exhibits thereto, the Court **GRANTS** final approval of the Settlement, finding specifically as follows:

### I.     Jurisdiction

1.     This Court has jurisdiction over the subject matter of the Action and over all parties to the Action, including all Settlement Class Members.[1]

---

[1] Unless otherwise defined herein, all terms used in this Order that are defined terms in the Settlement Agreement have the same meaning as set forth in the Settlement Agreement.

## II. Class Definition

2. Under Federal Rule of Civil Procedure 23(c), the Court certifies the following "Settlement Class," consisting of:

> All persons in the United States to whom, on June 11, August 19, or September 9, 2014, Venture Data placed a call on his or her cellular telephone line, using the Pro-T-S or CFMC dialer, and as part of a Public Opinion Strategies survey.

## III. Class Representative and Class Counsel

3. Under Federal Rule of Civil Procedure 23, Diana Mey is hereby appointed as Class Representative.

4. The following are hereby appointed as Class Counsel:

John W. Barrett
Jonathan R. Marshall
BAILEY & GLASSER LLP
209 Capitol Street
Charleston, West Virginia 25301

Edward Broderick
Anthony Paronich
BRODERICK & PARONICH, P.C.
99 High Street, Suite 304
Boston, Massachusetts 02110

Matthew P. McCue
THE LAW OFFICE OF MATTHEW P. MCCUE, P.C.
1 South Avenue, Suite 3
Natick, Massachusetts 01760

Ryan McCune Donovan
HISSAM FORMAN DONOVAN RITCHIE, PLLC
707 Virginia Street East, Suite 260
Charleston, WV 25301

## IV. Rule 23 Requirements

5. Pursuant to Rule 23(a) the Court finds that: (a) the Settlement Class is so numerous that joinder of all members is impracticable; (b) there are questions of law or fact

common to the Settlement Class; (c) the claims of the Class Representative, identified above, are typical of the claims of the Settlement Class; and (d) the Class Representative will fairly and adequately protect the interests of the Settlement Class.

6. Pursuant to Rule 23(b)(3) the Court finds that: (a) the questions of law or fact common to the members of the Settlement Class predominate over the questions affecting only individual members, and (b) certification of the Settlement Class is superior to other available methods for the fair and efficient adjudication of the controversy.

### V. Notice and Opt-outs

7. The Court finds that, in accordance with the Notice Plan and Rule 23(c)(2)(B), the Settlement Administrator provided the best notice practicable under the circumstances, including individual notice to all Settlement Class Members who could be identified through reasonable effort.

8. The Court finds that the Settlement Administrator properly and timely notified the appropriate state and federal officials of the Settlement Agreement under the Class Action Fairness Act of 2005 ("CAFA"). *See* 28 U.S.C. § 1715.

9. No Class Members made timely and valid requests for exclusion.

### VI. Final Approval of the Settlement

10. Pursuant to the Settlement Agreement, the Defendants have agreed to pay $2,100,000 to create the Settlement Fund. Amounts awarded to Class Counsel or paid to the Class Representative will be paid from the Settlement Fund. Class Counsel and the Class Representatives shall not be paid before the Settlement Class. Settlement Class Members who have submitted a valid Claim Form will receive a *pro rata* share of the Settlement Fund after attorneys' fees and expenses, the Class Representative's service payment, and the costs of notice

and administration are deducted.

11. The Court has read and considered the papers filed in support of the Motion, including the Settlement Agreement and the exhibits thereto, memoranda and arguments submitted on behalf of the Plaintiff, Settlement Class Members, and the Defendants. The Court has not received any objections from any person regarding the Settlement. The Court held a hearing on September 6, 2018, at which time the parties were afforded the opportunity to be heard in support of or in opposition to the Settlement. Furthermore, the Court finds that notice under the Class Action Fairness Act was effectuated on February 9, 2018, and that ninety (90) days has passed without comment or objection from any governmental entity.

12. The Court now grants final approval to the Settlement and finds that the Settlement is fair, adequate, reasonable, and in the best interests of the Settlement Class. This finding is supported by, among other things, the complex legal and factual posture of the Action, the fact that the Settlement is the result of arms' length negotiations, and the settlement benefits being made available to Settlement Class Members.

13. The Court orders the Parties to the Settlement Agreement to perform their obligations thereunder. The Settlement Agreement shall be deemed incorporated herein as if explicitly set forth and shall have the full force of an order of this Court.

14. The Court dismisses this Action with prejudice and without costs (except as otherwise provided herein and in the Settlement Agreement).

15. On and after the Effective Date, the Releasing Parties, and each of them, are forever barred and permanently enjoined from directly, indirectly, representatively, or in any other capacity filing, commencing, prosecuting, continuing, or litigating any other proceeding against any of the Released Parties in any jurisdiction based on or relating in any way to the

Released Claims, and the Releasing Parties are forever barred and permanently enjoined from filing, commencing, or prosecuting any lawsuit individually or as a class action against any of the Released Parties (including by seeking to amend a pending complaint to include class allegations or by seeking class certification in a pending action in any jurisdiction) based on or relating in any way to the Released Claims.

16. The Court further orders that upon the Effective Date, the above-described releases and the Settlement Agreement will be binding on, and have *res judicata* and preclusive effect in all pending and future lawsuits or other proceedings maintained by or on behalf of the Releasing Parties.

17. Without affecting the finality of this Final Approval Order and Judgment in any way, the Court retains jurisdiction over: (a) implementation and enforcement of the Settlement Agreement until the final judgment contemplated hereby has become effective and each and every act agreed to be performed by the parties hereto pursuant to the Settlement Agreement have been performed; (b) any other action necessary to conclude the Settlement and to administer, effectuate, interpret and monitor compliance with the provisions of the Settlement Agreement; and (c) all parties to this Action and Settlement Class Members for the purpose of implementing and enforcing the Settlement Agreement.

### VII. Attorneys' Fees Award and Class Representative's Service Payment

18. The Court approves payment of attorneys' fees in the amount of $700,000. The Court further awards Class Counsel their reasonable expenses of $112,350.34. These amounts shall be paid from the Settlement Fund in accordance with the terms of the Settlement Agreement. The Court, having considered the materials submitted by Class Counsel in support of final approval of the Settlement and their request for attorneys' fees, costs, and expenses, finds

the award of attorneys' fees, costs, and expenses appropriate and reasonable and the Court notes that the Notice specifically and clearly advised the Settlement Class that Class Counsel would seek the award.

19. The Court approves payment of administration costs to the Settlement Administrator. This amount shall be paid from the Settlement Fund in accordance with the terms of the Settlement Agreement.

20. The Court approves the payment of a $15,000 service payment for Class Representative Diana Mey and specifically finds that amount to be reasonable in light of the service performed by Ms. Mey for the Settlement Class. This amount shall be paid from the Settlement Fund in accordance with the terms of the Settlement Agreement.

21. Neither this Final Approval Order and Judgment as to the Defendants, nor the Settlement Agreement shall be construed or used as an admission or concession by or against the Defendants or any of the Released Parties of any fault, omission, liability, or wrongdoing, or the validity of any of the Released Claims. This Final Approval Order and Judgment is not a finding of the validity or invalidity of any claims in this Action or a determination of any wrongdoing by the Defendants or any of the Released Parties. The final approval of the Settlement Agreement does not constitute any opinion, position, or determination of this Court, one way or the other, as to the merits of the claims and defenses of Plaintiff, the Settlement Class Members, or the Defendants.

The Clerk is hereby directed to enter this Final Approval Order and Judgment.

DATED: 9-6, 2018

Hon. John Preston Bailey
United States District Court